IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| JERRY WAYNE JOHNSON, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 6:14-cv-00704-LSC |
| | ) | |
| JAMES WHITMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

Jerry Wayne Johnson ("Johnson") filed a civil rights action in this Court, seeking money damages along with declaratory and injunctive relief under 42 U.S.C. § 1983 ("§ 1983"). Both Defendants have filed an answer responding to the claims for money damages, but a dispute remains as to the demands for declaratory and injunctive relief. Defendant Rick Harris ("Harris") has moved to dismiss those demands. (Doc. 7.) Johnson has opposed the motion but has also moved for leave to file an amended complaint. (Doc. 12.) For the reasons discussed below, Harris's motion to dismiss is due to be granted, and Johnson's motion for leave to amend is due to be denied.

I.   BACKGROUND

Johnson was incarcerated at the Winston County jail (the "Jail") in the summer of 2013. Defendant James Whitman was employed as a corrections officer at the Jail, and Defendant Harris was the sheriff of Winston County, Alabama.

In July 2013, Johnson broke his wrist at the Jail. He claims that even though Jail employees knew about his injury, Harris and Whitman denied him appropriate medical treatment. Instead of promptly treating his injury, he contends that the Defendants delayed his care for approximately 12 to 14 weeks before he was ultimately able to see a doctor who then diagnosed the fractured wrist. According to Johnson, the Jail's inadequate medical treatment and screening policies contributed to his injury. Outside these incidents in the summer of 2013, Johnson has not pleaded that he either continues to be incarcerated in the Jail or is likely to be held there in the future.[1]

On April 16, 2014, Johnson filed his complaint in this Court. He alleges a § 1983 claim based on deliberate indifference to his medical needs. Johnson's claims against the Defendants for money damages are not at issue. However, Johnson demands injunctive and declaratory relief against Harris in his official capacity, seeking to have this Court declare a number of policies at the Jail unconstitutional.

---

[1] Elsewhere in the complaint, Johnson pleaded that he was denied medical care "[a]t various times [, and] for obvious serious medical needs of which [Defendants] were aware." (Doc. 1 at 5 ¶ 25.) However, there is no indication as to when these denials occurred or whether these incidents are separate from his complaints about his wrist.

## II.  STANDARD OF REVIEW

Standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014). As Johnson is the party invoking this Court's jurisdiction, he has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992).

"[E]ach element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136). When raised at the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014). However, a defendant may raise a facial attack upon a plaintiff's standing, and the Court must consider whether the allegations in the complaint, taken as true, support an inference of standing. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

## III.  DISCUSSION

At this stage in the litigation, Harris has raised a facial challenge to Johnson's standing to pursue declaratory and injunctive relief *only*. Unlike money damages, both declaratory and injunctive relief are forms of prospective relief. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1325 (11th Cir. 2013) (explaining that "[d]eclaratory relief is by its nature prospective"); *see also Church*, 30 F.3d at 1337 (noting that "injunctions regulate future conduct"). "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001).

In his complaint, Johnson pleaded that he was injured around July 7, 2013, and that the Defendants deprived him of treatment for roughly 12 to 14 weeks. (Doc. 1 at ¶¶ 4, 8.) Although it is clear that Johnson was incarcerated during this time, he has not pleaded any additional facts about his contact with the Jail. However, he conceded in his brief opposing the motion to dismiss that "[t]he Plaintiff is not presently in custody in the Winston County Jail." (Doc. 11 at 5.) Even had he not made such a concession in his brief, Johnson's allegations of past injury alone would not be

sufficient to support an inference of standing to seek *prospective* relief for *future* injuries. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.").[2]

Instead, Johnson's pleaded facts, if ultimately proven, suggest that he was damaged in the past but does not face an imminent threat of future injury, entitling him to a claim for money damages but *not* claims for declaratory and injunctive relief. *See Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury."). When a prisoner has been held in a jail but is later released or transferred, "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745

---

[2] When the Court reviews standing on a Rule 12 motion, it is generally limited to the allegations in the complaint. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (noting that "[o]n defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint"). Johnson attached various documents to his brief in response to Harris's motion, and he also sought to incorporate those documents into his amended complaint. Only one of those documents, an affidavit from Johnson, related to *his* claims. Although the Court does not consider these documents in ruling on the motion to dismiss, it notes that the affidavit corroborates the lack of facts to support standing to pursue prospective remedies. In his affidavit, Johnson lists a Haleyville, Alabama, address as his current residence, and although he continues to have issues with his wrist from the *past* misconduct, there is no indication that he is likely to return to the jail and suffer *future* misconduct.

F.2d 1360, 1363 (11th Cir. 1984). In addition, Johnson has not pleaded any facts to suggest that any transfer or release was part of an effort to evade this Court's jurisdiction. *See id.* (suggesting that "this court might entertain jurisdiction over [the] claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the court").

Moreover, an assertion that one may again be subject to an unconstitutional police policy does not generally give rise to standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666 (1983). Indeed, to conclude that Johnson has standing to seek *prospective* relief based on *future* injury, the Court would have to assume that he would commit another crime, be charged with that crime, and then be held at the Jail either pending trial or as a result of his conviction. Such assumptions would be purely "conjectural, hypothetical, or contingent." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Without some facts to suggest that Johnson is likely to re-offend and be subjected to the procedures at the Winston County jail, the Court will not assume that he is likely to engage in future criminal activity. *Cf. Church*, 30 F.3d at 1337–38 (determining that homeless individuals had standing to seek equitable relief because, unlike in *Lyons*, their status as homeless persons made it likely that they would violate various laws prohibiting them from gathering in public places).

Instead of dismissing these claims, Johnson contends in his brief that the Court should allow him jurisdictional discovery on these issues. However, such request is due to be denied because he has not established a *prima facie* case that suggests the Court would have jurisdiction. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").[3]

Finally, Johnson has moved for leave to file an amended complaint. Generally, when a party requests leave to amend his pleading, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court should not grant leave to amend when it appears that the proposed amendments would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (noting that amendment is futile when a complaint would still be appropriately dismissed as amended). The proposed amendment lists a number of policies at the Jail that Johnson contends are unconstitutional, and it also has added facts about incidents where the Defendants

---

[3] The Court also notes that Johnson "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in [his] briefs." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

purportedly harmed several other inmates.[4] Although Johnson has identified the policies he challenges, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, [though] it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206 (1975) (internal citation omitted).

     Here, the proposed amendment provides greater description about the nature and source of Johnson's claims, but it does not include *any* facts to suggest that Johnson personally is likely to be subject to the Jail's policies and customs in the future. Indeed, the proposed amendment merely restates the dates in the initial complaint, and those dates only tie Johnson to the Jail in the summer of 2013. (Doc. 12-1 at ¶¶ 6, 9.) In order to prospectively challenge these policies or customs, Johnson would have to plead facts to suggest that *he* faces likely incarceration at the Jail in the future. He has not suggested such facts, and thus dismissal without prejudice is appropriate. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008) (noting that when a federal court lacks standing it should dismiss the claim without prejudice).

---

[4] The proposed amended complaint describes certain incidents involving inmates Michael Brimer and Joshua Kizzire, but nothing ties either incident to Johnson. (Doc. 14-1 at ¶¶ 5–6.) In addition, the proposed amendment attaches the same documents to the amended complaint that Johnson attached to the motion to dismiss. None of these documents discuss Johnson's period of incarceration or suggest that he is likely to return to the Jail.

## IV. CONCLUSION

For the reasons discussed above, Harris's motion to dismiss Johnson's demands for declaratory and injunctive relief is due to be granted. (Doc. 7.) These demands will be dismissed without prejudice. Johnson's motion for leave to amend (Doc. 12) is due to be denied. A separate order consistent with this opinion will be entered.

Done this 9th day of June 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256